UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-1154 JMR/RLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOHN L. JOHNSON, PATTY L. KORY f/k/a PATTY L. JOHNSON, EUGENE HEDIN, HUBBARD MILLING COMPANY, LITTLE FALLS GRANITE WORKS, INC., BERTHA BAIN, CHARLES SCHULTZ, JILL SCHULTZ and CHERYL LAMBRECHT,

Defendants.

**DEFAULT JUDGMENT, DECREE IN FORECLOSURE, AND ORDER OF SALE**

This matter came before the Court on the motion for default judgment filed by the plaintiff, United States of America. The Court held a hearing on May 2, 2001, and having reviewed the motion, the affidavit and materials submitted in support thereof, and the entire record of proceedings, the Court finds as follows:

**FINDINGS OF FACT & CONCLUSIONS OF LAW**

1. The Court has jurisdiction over the subject matter of this action and of the defendants.

2. Defendants Patty L. Kory f/k/a Patty L. Johnson, Eugene Hedin, Hubbard Milling Company, Little Falls Granite Works, Inc., Bertha Bain, Charles Schultz, Jill Schultz and Cheryl Lambrecht were duly served and acknowledged service, and have failed to plead or otherwise defend in this action.

MAY 4 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTERED MAY 4 2001
DEPUTY CLERK'S INITIALS

3. On March 2, 2001, United States and defendant John L. Johnson entered into a Stipulation whereby John L. Johnson agreed to withdraw his answer to the Complaint.

4. Upon application by the United States, on November 3, 2000, the Clerk of the Court entered an entry of default against Patty L. Kory f/k/a Patty L. Johnson, Eugene Hedin, Hubbard Milling Company, Little Falls Granite Works, Inc., Bertha Bain, Charles Schultz, Jill Schultz and Cheryl Lambrecht, pursuant to Fed.R.Civ.P. 55(a) and 55(b).

5. The allegations of the complaint are proven and true.

6. The United States is entitled to judgment by default for the relief prayed for in the complaint.

7. As of April 1, 2001, there was due and owing to the United States a total principal balance of $229,109.55 and interest of $160,830.91, together with additional interest from April 1, 2001, accruing at a rate of $51.1921 per day computed until the date of payment on the loans made by the Farm Service Agency to John L. Johnson and Patty Kory (f/k/a Patty L. Johnson).

8. The security interest of the United States is good, valid and subsisting liens against the real property described in the promissory notes and mortgages.

9. The United States is entitled to the foreclosure of its promissory notes and mortgages.

10. The defendants do not have any claim or lien pertaining to said real property and, having failed to plead or prove any such claim, they are forever barred from asserting the same hereafter, save the life estate of Bertha Bain and the 30 day right of redemption from the date of the foreclosure sale.

**JUDGMENT, DECREE IN FORECLOSURE, AND ORDER FOR SALE**

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that judgment be entered as follows:

1. Default judgment is granted against defendants John L. Johnson, Patty L. Kory f/k/a Patty L. Johnson, Eugene Hedin, Hubbard Milling Company, Little Falls Granite Works, Inc., Bertha Bain, Charles Schultz, Jill Schultz and Cheryl Lambrecht;

2. Defendant John L. Johnson owes the United States of America the principal of $229,109.55 and interest of $160,830.91, as of April 1, 2001, together with additional interest from April 1, 2001, accruing at a rate of $51.1921 per day computed as provided by the promissory notes and mortgages up to the date on which the order is entered, plus interest thereafter according to law, costs, disbursements and expenses;

3. Defendants have no further interest in the herein described real property, save the life estate of Bertha Bain and the right of redemption which shall be 30 days from the date of the foreclosure sale;

4. The United States Marshals Service is authorized to immediately foreclose the mortgage and sell, at public auction in the manner and form prescribed by law, the subject real property situated in the County of Morrison, State of Minnesota, legally described as follows:

> The East half of Northwest quarter (E1/2 NW1/4), Southwest quarter of Northeast quarter (SW1/4 NE1/4), North half of Northeast quarter (N1/2 NE1/4), Northwest quarter of Northwest quarter (NW1/4 NW1/4), and that part of the Southwest quarter of Northwest quarter (SW1/4 NW1/4) lying North of the railway, all in Section Thirty-two (32); South half of Southeast quarter (S1/2 SE1/4) in Section Twenty-nine (29) and the South 30 rods of the Southwest quarter of Southeast quarter (SW1/4 SE1/4) in Section Thirty (30), all in Township One Hundred Twenty-nine (129), Range Thirty-one (31), subject to railroad right of way and mineral reservations of record, and less the westerly 2 rods of the West half of Northwest quarter (W1/2 NW1/4) of said Section 32; reserving unto the grantors herein the right to use the two (2) acres on the South side of the Swan River for the remainder of their lives;

5. The United States Marshals Service is authorized to apply the sale proceeds from the sale of the subject real property as follows: 1) to the costs and expenses incurred in this action; 2) to the United States Marshals Service's costs and expenses incurred from the mortgage foreclosure action and the sale of the subject real property; 3) to the indebtedness due and owing the plaintiff under the promissory notes and mortgages; and 4) to the extent there remains any sale proceeds, it shall be given to the Court for distribution pursuant to law;

6. In the event the sale proceeds from the sale of the subject real property is insufficient to satisfy the amount due and owing the plaintiff, the plaintiff is granted judgment against defendant John L. Johnson for the amount of the deficiency plus interest at the legal rate from the date of judgment until paid; and

7. If the defendants do not redeem within the time allotted herein, which is 30 days from the date of the foreclosure sale, the United States Marshal shall upon expiration of the period of redemption, execute and deliver a Deed to the purchaser of the mortgage premises sold under such foreclosure sale or to said purchaser's successors' assigns.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 2nd, 2001

JAMES M. ROSENBAUM, Judge
United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd